IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICH AUREL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-20-0694 |
| NBCI OFFICER KEVIN SPENCER and NBCI OFFICER SHAFFER, | * | |
| | * | |
| Defendants. | | |
| | *** | |

**MEMORANDUM**

On March 16, 2020, the court received a 42 U.S.C. § 1983 prisoner civil rights action (ECF 1) with an exhibit (ECF 1-1) and a motion for leave to proceed in forma pauperis (ECF 2), filed by the self-represented plaintiff, Mich Aurel, a prisoner confined at the North Branch Correctional Institution ("NBCI"). Aurel states that he is being retaliated against on the basis of his race and religion by the defendant officers who are "obstructing justice," and depriving him of his "rights and privileges." ECF 1 at 2.

In support of his claims of retaliation based on race and religion, Aurel complains of being denied medical treatment. He states that he was denied medical assistance on January 9, 2020, and a medical pass on February 23, 2020. Aurel also alleges that the denial of medical treatment to "inmates" is happening on a "daily basis." ECF 1-1 at 1. He seeks a transfer to another prison and $10,000,000 in damages.

On June 15, 2020, Aurel filed a document titled "Affidavit/Emergency Restraining Order," which was entered on the docket as an Affidavit. ECF 6. According to Aurel, he was verbally threatened, experienced verbal retaliation, and was harassed on several occasions dating back to 2015.

Aurel also states that he was denied medical attention on two occasions as retaliation. *Id.* at 1-2. The first incident occurred on January 9, 2020, when pepper spray was used on his tier and it caused him to "cough and choke." He claims that he and others were denied medical attention. *Id.* The second incident took place on May 23, 2020, when Aurel was "choking and having an asthma attack" and was denied medical attention. *Id.* at 2. He states that "many other inmates" suffer from these abuses on a daily basis. *Id.* at 2. Aurels seeks an "emergency restraining order," requiring all officers at NBCI to stay "5-500 feet away" from him. *Id.*

Aurel has filed approximately 50 actions in this court over the past nine years. In three of the cases Aurel was granted leave to proceed in forma pauperis pursuant to the provisions of 28 U.S.C. § 1915(a). The cases were dismissed as frivolous or for the failure to state a claim. Aurel has repeatedly been notified that the dismissals constituted "strikes" under § 1915(e),[1] and that a prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[2]

---

[1] *See, e.g., Mich v. Nice, et al.*, Civil Action No. JKB-14-1397; *Aurel v. Gainer, et al.*, Civil Action No. ELH-15-1750; *Aurel v. Jones, et al.*, ELH-15-1928; *Aurel v. NBCI, et al.*, Civil Action No. ELH-16-0850; *Aurel v. NBCI*, et al., Civil Action No. ELH-16-0851; and *Aurel v. Vanskiver*, Civil Action No. ELH-19-2756.

[2] Specifically, §1915g) mandates that:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court

As Aurel's cases are subject to review under 28 U.S.C. § 1915(g), he may not proceed in these actions unless he (1) submits the $400.00 civil filing fee or (2) moves to proceed in forma pauperis and provides particularized factual allegations demonstrating that he is subject to imminent danger of serious physical injury.

Plaintiff does not provide particularized factual allegations that he is subject to imminent danger of serious physical injury. Aurel's allegations of verbal harassment do not equate to a constitutional claim, no less a claim of imminent danger of serious physical injury. Verbal abuse of inmates by guards, without more, does not state a claim of assault. *Henslee v. Lewis*, 153 Fed. App'x. 178, 180 (4th Cir. 2005). Aurel has provided only conclusory statements that he was "verbally threatened."

Aurel's allegations of denial of medical care also do not meet the imminent danger standard. Aurel claims that he was denied medical treatment on two occasions, January 20, 2020 and May 23, 2020, and denied a medical pass on February 23, 2000, for an unspecified matter. The first denial of treatment took place two months prior to the filing of the complaint, and the second denial of treatment took place two months after the filing of the complaint. The denial of a medical pass was in the month prior to the complaint being filed.

"[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Meyers v. Comm'r of Soc. Sec. Admin.*,

---

of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

3

801 F. App'x 90, 96 (4th Cir. 2020) (citing *Chase v. O'Malley, 466 F. App'x* 185, 186 (4th Cir. 2012)) (per curiam) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Aurel fails to provide information indicating that the events in January and February, prior to the filing of the complaint, put him at risk of serious physical injury. He fails to state what medical treatment he needed and was denied, why the treatment was needed, and any injuries suffered as a result of the alleged denial of medical treatment. Aurel also fails to provide details as to how he may be at continued risk of imminent danger of serious physical injury. For this reason, this complaint may not go forward.

Aurel has not alleged imminent danger in the instant action and there is no plausible basis for granting Aurel review of his current claims under the § 1915(g) exception. Aurel is forewarned that should he attempt to file future civil rights actions in this court, they must be accompanied by the civil filing fee. In the alternative, a complaint filed with an indigency application must demonstrate that Aurel is in imminent danger of serious physical harm by the provision of facts in support of his claims and not just conclusory statements.

Accordingly, Aurel's motion to proceed in forma pauperis shall be denied and his complaint shall be dismissed, without prejudice, by separate Order.

Date:  June 19, 2020            _____/s/_____
                                Ellen L. Hollander
                                United States District Judge